## No. 11,947.

### PEOPLE EX REL. BROOKES v. CHRYSLER.

Decided March 5, 1928.

Action for usurpation of office.   Judgment for respondent.

### *Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.*  Fact findings of the trial court which are supported by legal and sufficient evidence will not be disturbed on review.

2. ELECTIONS—*Domicile.*  Authorities as to the elements that make up a residence or constitute a domicile for voting at public elections, and as qualifications for holding public office, cited.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. W. R. RAMSEY, for plaintiff in error.

Mr. PHILIP S. VAN CISE, Mr. KENNETH ROBINSON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action, brought under the usurpation chapter 28 of our Code of Civil Procedure, is by the People, ex rel. R. B. Brookes, a resident taxpayer and elector of councilmanic district No. 3 of the City and County of Denver, against Harry F. Chrysler, to oust and exclude the latter from the office of city councilman of such district, into which it is alleged he has unlawfully intruded, and to

admit into the same, and to the rights, privileges and immunities thereof, Harry W. Risley as the lawful incumbent. Upon the issues of fact joined the findings, and judgment thereon, were against the petitioner and for the respondent Chrysler, which the former here asks to have set aside. Though there are several assignments of error, they may be combined into the controlling one that respondent Chrysler, to whom the certificate of election was issued by the election commission, and who is acting and recognized by his official associates as a member of the Denver city council, was not a qualified elector in district No. 3 at the time of the election because he had not resided therein continuously for one year next prior to the election of May 17, 1927, as the city charter, modified by the Speer amendment of 1916, provides. The respondent contends that he was a qualified elector even under the provisions of the Speer amendment, but, if not a resident for such period of time as that amendment requires, he is, nevertheless, a qualified resident under the original charter of 1904 and the requirement of the Speer amendment is invalid because the Speer amendment is unconstitutional for various reasons discussed in the briefs of his counsel.

If the respondent was a qualified elector in councilmanic district No. 3 of Denver, it is conceded that his title is good, for he received a plurality of the votes cast for the several candidates at that election and is possessed of all the other necessary qualifications. Since our examination of the evidence leads us to the conclusion, reached by the trial court, that Chrysler at the time of his election possessed all the necessary qualifications, we find it unnecessary to consider or determine the attack made on the validity or constitutionality of the Speer amendment or pass upon any other of the several propositions of law discussed and relied upon by the respondent in his brief.

Respondent for a number of years had resided at 1091 South Gaylord street, which is not within, but is

about one and one-half blocks north of the north boundary line of, councilmanic district No. 3 of the city of Denver. The city election in question was held May 17, 1927. Both parties produced evidence. That of petitioner tends to show that on the day of the election respondent was not a bona fide resident of the district, but that he resided at 1091 South Gaylord street in the councilmanic district next north of No. 3; while the evidence of respondent tends to show that, in fact and in law, he had in good faith intended to, and did, abandon his domicile or residence at 1091, outside of, and had changed the same to and acquired a new domicile at, 1283 South Gaylord street, within district No. 3. The trial court, upon conflicting evidence found that respondent, sometime in the month of April, 1926, more than one year before the election day, actually and physically abandoned his then residence at 1091 and removed the same to 1283, with the intention of giving up permanently his residence at the former, and to acquire another and permanent one at the latter, address. Petitioner, however, says that as the idea of residence or domicile is a combination of fact and intention, and includes a location with the intention to remain there as a place of fixed, present domicile or abode, the respondent's acts and intentions, with reference to a relinquishment of domicile at 1091 and acquisition of another at 1283, do not bring him within the governing principle applicable to such cases. This contention is based upon the alleged facts that though the respondent did temporarily leave 1091 and go with his wife to 1283, where they slept one night and took with them some household articles and looked after the growing lawn at the latter place, and changed their telephone number in the telephone book from the former to the latter alleged residence, nevertheless they afterwards returned from 1283 to 1091 and, therefore, were not physically and continuously occupying 1283 for a period of one year next prior to the election.

While we might well dispose of this argument with the statement that the trial court found the facts against the petitioner, it may not be inappropriate briefly to recount some of the pertinent facts upon which the court's finding was based. While the respondent with his family was living at 1091, his father and mother, who are elderly people, lived at 1283, and on account of the father's health he and his wife concluded to go to the state of California on a visit. Before this time the father was engaged in the building of an apartment building in the city of Denver and had planned for and reserved therein an apartment for the use of himself and family and wished to dispose of his premises and home at 1283. The son —respondent in this case—desiring to arrange his own affairs to meet the wishes of his father, entered into a contract with the latter for the purchase of the premises at 1283 for a stated sum and, if not at the time of the contract, soon thereafter made an advance payment thereon. After the father and mother had been in California for some time, the father unexpectedly left there and returned to Denver. His apartment building had not been finished, and he had no home of his own to live in, and he and the respondent then entered into arrangements whereby the son vacated the premises at 1283 and returned to his former home at 1091, with the understanding that the father should continue to live at his former residence until his apartment was ready for occupancy. In accordance therewith the respondent vacated the premises at 1283, and the father and mother entered into possession of the same and the son returned to 1091, as he and his wife testify, temporarily and until the apartment building was ready for occupancy by the father, who then would leave 1283; and the son with his family would occupy the same, which they did seasonably after the father went to his new apartment on its completion. Both the respondent and his wife testify explicitly that it was their intention, along in the first part of the year 1926, permanently to abandon their residence at 1091

and to remove to 1283, and that, in carrying out their intention, they removed practically all of their household furniture from 1091 to 1283 and intended to make that their permanent home, and that their return from 1283 to 1091 was not for the purpose of resuming their residence at the latter, but merely to abide there temporarily, or as one of them expressed, "camp" there, until the father's apartment was ready for occupancy by him.

A domicile once established, as the respondent had established one at 1091, is not lost by temporary absence therefrom or temporary residence elsewhere, however long the same is continued, even for a period of years. *Jain v. Bossen,* 27 Colo. 423, 62 Pac. 194. But according to the facts of this case, that principle does not apply. The court's finding in effect was that the respondent in good faith gave up his home or domicile at 1091 and removed to 1283 with the intention of there acquiring a new domicile, and that this was done more than one year immediately preceding the election, and with the intent on the part of the respondent to abandon his former, and to make the latter his permanent, residence. We cannot say that the findings of fact are not supported by the evidence. The respondent and his wife both testify as to their fixed purpose and intent as above indicated when they removed from 1091 to 1283 South Gaylord street. That intention was to give up their former, and to make the latter their permanent, home or residence. If so, the respondent had resided at, and had there acquired a permanent home in councilmanic district No. 3, more than one year next prior to the election day. This court in many cases has had occasion to pass upon the elements that make up a residence or constitute a domicile for voting at public elections and as qualifications for holding public office. While cases from other states are of much value, from our own decisions we have no difficulty in applying to the facts, as found by the trial court, the appropriate principles of law. The court's findings of fact are supported by legal and sufficient evidence and

it is upon that assumption and conclusion, which we are compelled to reach, that the following, among other, cases of our own require us to affirm the judgment. See: *Merrill v. Shearston,* 73 Colo. 230, 214 Pac. 540; *Kellogg v. Hickman,* 12 Colo. 256, 21 Pac. 325; *Sharp v. McIntire,* 23 Colo. 99, 46 Pac. 115; *Jain v. Bossen, supra; People v. Owers,* 29 Colo. 535, 69 Pac. 515; *Kay v. Strobeck,* 81 Colo. 144, 254 Pac. 150.

We cannot set aside the findings of the trial court and its judgment entered thereon must be and it is affirmed.

All the justices concur except Mr. Justice Walker, not participating, as he was not present at the oral argument.